IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LELAND T. TAYLOR,

    Plaintiff,

v.                                        No. 1:20-cv-00267-JHR

MICHELLE LUJAN GRISHAM, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**

THIS MATTER comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed March 24, 2020 ("Original Application"), Plaintiff's Amended Civil Rights Pursuant to 42 U.S.C. § 1983, Doc. 7, filed March 24, 2020 ("Amended Complaint"), Plaintiff's Motion for Emergency Injunctive Relief, Doc. 8, filed March 24, 2020, and Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 10, filed March 30, 2020 ("Amended Application").

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $963.00; (ii) Plaintiff's monthly expenses total $870.00; and (iii) Plaintiff has $300.00 in cash and $300.00 in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his total monthly expenses are approximately equal to his low monthly income.

Because it is granting Plaintiff's Amended Application, the Court denies Plaintiff's Original Application as moot.

**The Complaint**

Plaintiff alleges that Defendant Lujan Grisham "has ordered the closures of churches, restaurants, bars, social gathering locations and 'non-essential' businesses which has deprived me of my right to worship as I see fit, assembly, and other rights guaranteed under the US Constitution." Amended Complaint at 1. The Amended Complaint states the Order is attached to the Amended Complaint, but the attachment to the Amended Complaint is a news article. *See* Amended Complaint at 7-8. Defendant Lujan Grisham's Order is not attached. Plaintiff seeks "Emergency Injunctive Relief [sic]. To declare the Order(s) null and void and prevent the state from imposing them." Amended Complaint at 5.

**Motion for Emergency Injunctive Relief**

Plaintiff's Motion for Emergency Injunctive Relief states, in its entirety:

> Comes now, Leland T. Taylor, *pro-se* plaintiff, a New Mexico citizen and others who are being permanently and irreparably damaged by the loss of constitutional rights from the actions of the Defendants. It is requested of this court to issue an immediate emergency injunction of the force of the attached Order which removes the protections of the First, Fourth, and Fourteenth Amendments of the US Constitution and causes permanent and irreparable harm to the citizens of New Mexico. It is requested of the court to reinstate the protections of the US Constitution by ordering the Order be null and void.

Doc. 8 at 1. There was no "Order" attached to the Motion.

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed. Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

The Complaint and the Motion for Emergency Injunctive Relief fail to state a claim upon which relief can be granted. Rule 65 states:

> The court may issue a preliminary injunction only on notice to the adverse party.
> ….
>
> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(a)-(b). Plaintiff has not: (i) shown that he has given notice to the adverse parties; (ii) submitted an affidavit or a verified complaint setting forth specific facts clearly showing that

3

immediate and irreparable injury, loss, or damage will result to Plaintiff before the adverse parties can be heard in opposition; and (iii) certified in writing any efforts made to give notice to the adverse parties and the reasons why it should not be required.

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because Plaintiff has not stated a claim upon which relief can be granted and because Plaintiff has not provided the Defendants' addresses. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim; and (ii) files a motion for service which includes the address of each Defendant.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)  Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 10, filed March 30, 2020, is GRANTED.

(ii)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed March 24, 2020, is DENIED as moot.

(iii)  Plaintiff may file a second amended complaint and an amended motion for emergency injunctive relief within 21 days of entry of this Order.  Plaintiff shall attach to the second amended complaint a copy of the orders he complains about.  Any motion Plaintiff files shall "state with particularity the grounds and the relief sought." D.N.M.LR-Civ. 7.1(a).  Failure to timely file a second amended complaint may result in dismissal of this case.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE