IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LELAND T. TAYLOR,

      Plaintiff,

v.                                                                                                           No. 1:20-cv-00267-JB-JHR

MICHELLE LUJAN GRISHAM, et al.,

      Defendants.

### ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS

THIS MATTER comes before the Court on Defendant Lujan Grisham's Motion for Protective Order and to Quash Subpoenas Served on the New Mexico Secretary of State and the City of Albuquerque by Plaintiff [Doc. 28], filed May 21, 2020. Having reviewed the parties' submissions and the relevant law, the Court finds that the Motion is well taken and should be granted.

**I.    BACKGROUND**

Plaintiff seeks relief from certain Executive Orders issued by Defendant Lujan Grisham in response to the coronavirus disease, commonly referred to as "COVID-19." [Doc. 1; Doc. 7; Doc. 13; Doc. 27-1]. Plaintiff filed his Complaint on March 24, 2020 and claims that the challenged Orders violate his rights under the First, Second, Fourth, Tenth, and Fourteenth Amendments to the United States Constitution and the Commerce Clause. [Doc. 1; Doc. 7; Doc. 13]. Plaintiff also filed a Motion for Emergency Injunctive Relief, relative to his First, Fourth, and Fourteenth Amendment claims. [Doc. 8; Doc. 15]. On May 21, 2020, Defendant Lujan Grisham moved for a protective order and to quash subpoenas served by Plaintiff on the New Mexico Secretary of State and the City of Albuquerque. [Doc. 28]. Defendant Lujan Grisham argues that the subpoenas are invalid because the they were issued outside of the time permitted for discovery under Federal

Rule of Civil Procedure 26(d)(1), and because Plaintiff, in serving the subpoenas, failed to comply with the notice requirements set forth in Federal Rule of Civil Procedure 45(a)(4). [Doc. 28].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the procedure for obtaining discovery from a nonparty. *See Simon v. Taylor*, No. 12-0096 JB/WPL, 2014 WL 6633917, at *14 (D.N.M. Nov. 18, 2014). "While the court has considerable discretion with regard to regulating discovery which is exchanged in a lawsuit, discovery from third-parties in particular must, under most circumstances, be closely regulated." *Premier Election Sol., Inc. v. Systest Labs, Inc.*, No. 09–cv–01822–WDM–KMT, 2009 WL 3075597, at *3 (D. Colo. Sept. 22, 2009). "It is generally recognized that a non-party involuntarily embroiled in civil litigation should not be subjected to undue burden or significant expense merely by virtue of having received a subpoena." *W. Convenience Stores*, 2014 WL 1257762, at *21 (internal quotations omitted). Rule 45 requires the court for the district where compliance is required to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

Rule 45 subpoenas are discovery devices subject to the Court's scheduling order as well as applicable rules of procedure. *See Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001). Rule 45 subpoenas to third parties are subject to the same discovery limitations as those set out in Rule 26. *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.), Inc.*, No. 11-cv-01611-MSK-CBS, 2014 WL 1257762, at *21 (D. Colo. Mar. 27, 2014). Rule 26(c) provides that, upon a good cause showing, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which may include forbidding

disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A). The burden is on the moving party to demonstrate good cause for the requested protective order. *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 721 (D.N.M. 2017); *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

### III.   ANALYSIS

At issue here are subpoenas served by Plaintiff to the New Mexico Secretary of State and the City of Albuquerque. [Doc. 28-1; Doc. 28-2]. Defendant Lujan Grisham contends that the subpoenas were improperly served because (1) they were issued before the time for discovery had was permitted under Rule 26(d)(1) and (2) they were issued without notice to Defendants as required by Rule 45(a)(4). She is correct on both accounts.

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Here, Plaintiff's issuance of subpoenas clearly violates Fed. R. Civ. P. 26(d)(1) as: (1) the parties have not yet conferred as required by Rule 26(f); (2) this proceeding is not exempt under Rule 26(a)(1)(B); and (3) the issuance thereof was not authorized by the federal rules, stipulation, or court order.

Moreover, where a subpoena commands the production of documents, Rule 45(a)(4) requires that "before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). With regard to the subpoenas issued by Plaintiff in this case, Defendants learned of the subpoenas when they were contacted by counsel for the parties upon whom the subpoenas were served. [Doc. 28, p. 9]. Plaintiff does not dispute that he served the subpoenas without notice to Defendants. [Doc. 29, p. 2]. In fact, Plaintiff

appears to concede on the merits of Defendant Lujan Grisham's Motion, stating in his Response that the Motion "is not opposed per se as the subpoena[s are] quite defective." [Doc. 29, p. 2].

The Court finds that the subpoenas to the New Mexico Secretary of State and the City of Albuquerque were served before the time for discovery had commenced, contrary to Rule 26(d)(1) and without providing notice to Defendants, contrary to Rule 45(a)(4). While Plaintiff's pro se pleadings must be construed liberally and Plaintiff held to a less stringent standard than that of an attorney, "pro se parties follow the same rules of procedure that govern other litigants." *United States v. Green*, 886 F.3d 1300, 1307 (10th Cir. 2018).

To the extent Plaintiff seeks leave to "present an appropriate subpoena to the [New Mexico] Secretary of State" [Doc. 29, p. 2], the Court notes that the leave of the Court is not required to conduct discovery so long as it is done in accordance with the Federal Rules of Civil Procedure and the local rules for this Court.

### IV. ORDER

IT IS THEREFORE ORDERED that Defendant Lujan Grisham's Motion for Protective Order and to Quash Subpoenas Served on the New Mexico Secretary of State and the City of Albuquerque by Plaintiff [Doc. 28] is hereby GRANTED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE