IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LELAND T. TAYLOR,

     Plaintiff,

v.                                    No. 1:20-cv-00267-JB-JHR

MICHELLE LUJAN GRISHAM, et al.,

     Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO STAY DISCOVERY**

THIS MATTER comes before the Court on Defendant Lujan Grisham's Motion for Protective Order Staying Discovery Pending the Court's Disposition of the Motion for Summary Judgment on Qualified Immunity [Doc. 50], filed June 22, 2020. Having reviewed the Motion and the relevant law, the Court finds that the Motion is well taken and should be granted.

## I.    BACKGROUND

Plaintiff seeks relief from certain Executive Orders issued by Defendant Lujan Grisham in response to the coronavirus disease, commonly referred to as "COVID-19." [Doc. 1; Doc. 7; Doc. 13; Doc. 27-1]. Plaintiff filed his Complaint on March 24, 2020 and claims that the challenged Orders violate his rights under the First, Second, Fourth, Tenth, and Fourteenth Amendments to the United States Constitution and the Commerce Clause. [Doc. 1; Doc. 7; Doc. 13]. On June 22, 2020, Defendant Lujan Grisham moved for summary judgment on these claims based on a qualified immunity defense. [Doc. 49]. She now requests that discovery in the case be stayed pending the resolution of that motion. [Doc. 50]. .

## II.    ANALYSIS

As a general rule, "discovery rulings are within the broad discretion of the trial court." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir 1994). This discretion includes the ability to

stay all or part of a proceeding "as an incident to [a court's] power to control its own docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, "[u]nique policy considerations inform a court's decision to grant or deny a motion to stay discovery in the context of a qualified immunity defense." *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1115-16 (D.N.M. 2016); *see Behrens v. Pelletier*, 516 U.S. 299, 308 (1996).

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (internal quotation marks and citation omitted). "If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed." *Id.* "Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government." *Id.*

Because "qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation[, d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citation omitted). Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity

question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman*, 958 F.2d at 336.

In this case, Plaintiff did not file a Response in opposition to Defendant Lujan Grisham's Motion. Accordingly, the Court finds no reason to depart from the general rule that discovery must be stayed once a defendant files a dispositive motion asserting qualified immunity. *See Jiron*, 392 F.3d at 414; *Workman*, 985 F.2d at 336. While only Defendants Lingnau, Pai and Shirley are asserting qualified immunity, it is appropriate to stay discovery upon the assertion of qualified immunity, even for those defendants not asserting the defense. *See Iqbal*, 556 U.S. at 685 ("It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.").

## III.    ORDER

WHEREFORE, IT IS HEREBY ORDERED that Defendant Lujan Grisham's Motion for Protective Order Staying Discovery Pending the Court's Disposition of the Motion for Summary Judgment on Qualified Immunity [Doc. 50], is GRANTED.

IT IS FURTHER ORDERED that this matter is stayed pending resolution of Defendant Lujan Grisham's Motion for Summary Judgment No. II: Dismissal Of Plaintiff's First, Second, Fourth, Tenth, and Fourteenth Amendment Claims Based on Qualified Immunity, [Doc. 49].

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE