IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LELAND T. TAYLOR,

        Plaintiff,

v.                                                                              No. 1:20-cv-00267-JB-JHR

MICHELLE LUJAN GRISHAM, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO QUASH SUBPOENA**

THIS MATTER comes before the Court on the Motion and Memorandum to Quash Subpoena filed by nonparties Second Judicial District Court, Chief Judge Whitaker, and Judge Campbell, on June 22, 2020. [Doc. 51]. Having reviewed the Motion and the relevant law, the Court finds that the Motion is well taken and should be granted.

I.      **BACKGROUND**

Plaintiff seeks relief from certain Executive Orders issued by Defendant Lujan Grisham in response to the coronavirus disease, commonly referred to as "COVID-19." [Doc. 1; Doc. 7; Doc. 13; Doc. 27-1]. Plaintiff filed his Complaint on March 24, 2020 and claims that the challenged Orders violate his rights under the First, Second, Fourth, Tenth, and Fourteenth Amendments to the United States Constitution and the Commerce Clause. [Doc. 1; Doc. 7; Doc. 13]. Plaintiff also filed a Motion for Emergency Injunctive Relief, relative to his First, Fourth, and Fourteenth Amendment claims. [Doc. 8; Doc. 15].

On May 19, 2020, a subpoena was issued in this matter to nonparties the Second Judicial District Court in Bernalillo County, New Mexico and two Second Judicial District Court judges; Chief Judge Stan Whitaker and Judge Clay Campbell (collectively the "Second Judicial District Court"). [Doc. 51-1]. On June 22, 2020, the Second Judicial District Court moved to quash the

subpoena. [*See generally* Doc. 51]. Under Rule 6(d) of the Federal Rules of Civil Procedure and Rule 7.6 of this District's Local Rules of Civil Procedure, Plaintiff's Response to the June 22, 2020 Motion was due July 9, 2020. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made by mail…3 days are added after the period would otherwise expire"); D.N.M. LR-Civ. 7.4 ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). To date, Plaintiff has not filed a Response to the Motion.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 45 governs the procedure for obtaining discovery from a nonparty. *See Simon v. Taylor*, No. 12-0096 JB/WPL, 2014 WL 6633917, at *14 (D.N.M. Nov. 18, 2014). "While the court has considerable discretion with regard to regulating discovery which is exchanged in a lawsuit, discovery from third-parties in particular must, under most circumstances, be closely regulated." *Premier Election Sol., Inc. v. Systest Labs, Inc.*, No. 09–cv–01822–WDM–KMT, 2009 WL 3075597, at *3 (D. Colo. Sept. 22, 2009). "It is generally recognized that a non-party involuntarily embroiled in civil litigation should not be subjected to undue burden or significant expense merely by virtue of having received a subpoena." *W. Convenience Stores*, 2014 WL 1257762, at *21 (internal quotations omitted). Rule 45 requires the court for the district where compliance is required to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

Rule 45 subpoenas are discovery devices subject to the Court's scheduling order as well as applicable rules of procedure. *See Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001). Rule 45 subpoenas to third parties are subject to the same discovery limitations as those set out in

Rule 26. *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.), Inc.*, No. 11-cv-01611-MSK-CBS, 2014 WL 1257762, at *21 (D. Colo. Mar. 27, 2014). Rule 26(c) provides that, upon a good cause showing, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which may include forbidding disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A). The burden is on the moving party to demonstrate good cause for the requested protective order. *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 721 (D.N.M. 2017); *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

## III.    ANALYSIS

Here, the Second Judicial District Court argues that the subpoenas were improperly served because (1) they were issued before the time discovery was permitted under Rule 26(d)(1) and (2) they seek information that is privileged under the judicial deliberation doctrine. The argument is correct on both accounts.

### A. The Subpoena Issued to the Second Judicial District Court was Issued Prematurely Under Federal Rule of Civil Procedure 26

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Here, Plaintiff's issuance of a subpoena to the Second Judicial District Court clearly violates Fed. R. Civ. P. 26(d)(1) as: (1) the parties have not yet conferred as required by Rule 26(f); (2) this proceeding is not exempt under Rule 26(a)(1)(B); and (3) the issuance thereof was not authorized by the federal rules, stipulation, or court order.

**B. Plaintiff's Request for Communications Regarding a Case Pending in the Second Judicial District Court Seeks Information Protected by the Judicial Deliberation Privilege**

The third request in the subpoena issued to (collectively the "Second Judicial District Court") seeks "any and all communications" within the Second Judicial District Court and any outside entities "in referenc[e] to the disposition of the case filed by [Plaintiff] No. CV-2020 2896 as to action to be taken on it, legal review, preparation of documents relating to legal findings of fact and conclusions of law." [Doc. 51-1, p. 2].

The United States Supreme Court has indicated that examination of a judge's "mental processes" regarding a judicial proceeding "would be destructive of judicial responsibility" and that a judge "cannot be subjected to such a scrutiny." *United States v. Morgan*, 313 U.S. 409, 422 (1941). Applying this language, lower federal courts have held that "a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties." *United States v. Roth*, 332 F. Supp. 2d 565, 567 (S.D.N.Y. 2004); *see Auguste v. Sullivan*, No. 03-CV-02256-PABKLM, 2009 WL 790135, at *1 (D. Colo. Mar. 20, 2009) (same); *Ciarlone v. City of Reading*, 263 F.R.D. 198, 202 (E.D. Pa. 2009) ("The decision making process of a judge is usually not a discoverable matter."). The judicial deliberation privilege extends to: (1) the judge's internal mental processes, *see Morgan*, 313 U.S. at 422; and (2) the judge's deliberative communications with staff and other judges. *See Matter of Certain Complaints Under Investigation by an Investigating Comm. of Judicial Council of Eleventh Circuit*, 783 F.2d 1488, 1520 (11th Cir. 1986).

The privilege generally serves three underlying purposes: (1) ensuring the finality of legal judgments; (2) protecting the integrity and quality of decision-making "that benefits from the free and honest development of a judge's own thinking ... in resolving cases before them"; and (3) protecting independence and impartiality and permitting judges to decide cases without fear or

favor. *See Cain v. City of New Orleans*, No. CV 15-4479, 2016 WL 7156071, at *3 (E.D. La. Dec. 8, 2016) (quoting *In re Enforcement of Subpoena*, 463 Mass. 162, 168-69, 171-72, 174 (Mass. 2012)).

As the Second Judicial District Court notes, Plaintiff's request for communications regarding a case filed by him in that court seeks information that falls squarely within the judicial deliberation privilege.

### IV.    ORDER

For the foregoing reasons, the Court finds that the subpoena issued to the Second Judicial District Court was issued outside the time allowable for discovery under Rule 26 and seeks information protected by the judicial deliberation privilege.

IT IS THEREFORE ORDERED that the Second Judicial District Court's Motion and Memorandum to Quash Subpoena [Doc. 51] is hereby GRANTED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE