IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LELAND T. TAYLOR,

        Plaintiff,

v.                                                              CV 20-0267 JB/JHR

MICHELLE LUJAN GRISHAM, et al.,

        Defendants.

## PROPOSED FINDINGS AND RECOMMEND DISPOSITION

THIS MATTER comes before the Court on Defendant Lujan Grisham's Motion for Summary Judgment No. II: Dismissal of Plaintiff's First, Second, Fourth, Tenth and Fourteenth Amendment Claims Based on Qualified Immunity [Doc. 49], filed June 22, 2020. Pursuant to 28 U.S.C. §636(b), presiding District Judge James O. Browning referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 16]. Having reviewed the Motion and the relevant law, I recommend granting Defendant Grisham's motion for summary judgment based on qualified immunity and dismissing part of Plaintiff's Complaint against Defendant Grisham with prejudice.

**I.**     **BACKGROUND**

Plaintiff seeks both monetary damages and injunctive relief from certain Executive Orders issued by Defendant Grisham in response to the coronavirus disease, commonly referred to as "COVID-19." [Docs. 1, 7, 13, 27-1]. Plaintiff filed his Complaint on March 24, 2020 and claims that the challenged Orders violate his rights under the First, Second, Fourth, Tenth, and Fourteenth Amendments to the United States Constitution. [Docs. 1, 7, 13]. On June 22, 2020, Defendant

Grisham moved for summary judgment based on qualified immunity. [Doc. 49]. To date, Plaintiff has not filed a response to the motion.

## II. ANALYSIS

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). When reviewing a motion for summary judgment, "[t]he factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment." *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). However, the nonmoving party may not rest upon his pleading but must put forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986). The existence of a mere scintilla of evidence in the nonmovant's favor will not forestall summary judgment. *Id.* at 252.

### B. Legal Standard for Qualified Immunity

"[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (internal citation omitted); *see Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Tenth Circuit reviews summary judgment decisions involving a qualified immunity defense somewhat differently than other summary judgment rulings. *Barney v. Pulsipher*, 143 F.3d 1299, 1309 (10th Cir. 1998). Once a defendant raises a qualified immunity defense in a motion for summary judgment, the burden shifts to the plaintiff, and the plaintiff must produce facts sufficient to show both that defendant's alleged conduct

violated the law and that the law was clearly established when the alleged violation occurred. *Bruning v. Pixler*, 949 F.2d 352, 356-57 (10th Cir. 1991); *see Gutierrez v. Cobos*, 841 F.3d 895, 00-01 (10th Cir. 2016). "A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see Bella v. Chamberlain*, 24 F.3d 1251, 1254 (10th Cir. 1994). Courts have the discretion to address either prong first. *Pearson*, 555 U.S. at 236. Only after plaintiff produces sufficient facts to carry his two-fold burden of production must defendant bear the usual summary judgment movant's burden of showing that no material issues of fact remain that would defeat claim of qualified immunity. *Bruning*, 949 F.2d at 356-57; *Pearson*, 555 U.S. at 236. If the plaintiff fails to carry either part of the two-part burden, the defendant is entitled to qualified immunity. *Albright v. Rodriguez*, 51 F.3d. 1531, 1535 (10th Cir. 1995); *see Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014).

### C. Application

Here, Defendant Grisham seeks summary judgment on Plaintiff's First, Second, Fourth, Tenth and Fourteenth Amendment claims against Defendant Grisham based on qualified immunity. [*See generally* Doc. 59]. Plaintiff's claims against Defendant Grisham arise from Defendant's issuance of Executive Order 2020-022. [Doc. 58, p. 12; *see* Doc. 13].[1] Defendant argues that the issuance of Executive Order 2020-022 is a constitutional exercise of Defendant's executive authority, namely, the State's police power under the Tenth Amendment. [Doc. 59, p. 6]. Alternatively, Defendant argues that the issuance of Executive Order 2020-022 did not violate

---

[1] Defendant Grisham asserts that Executive Order 2020-022 is the only Executive Order at issue in her Undisputed Material Facts. [Doc. 58, p. 12]. Plaintiff did not dispute this Undisputed Material Fact. Plaintiff's failure to dispute means that the Court must deem this fact admitted for the purposes of deciding this summary judgment motion. D.N.M.LR-Civ 56(b).

Plaintiff's clearly established First, Second, Fourth, Tenth and Fourteenth Amendment rights. [*See* Doc. 59, p. 7-21].

Plaintiff's pro se status doesn't alleviate his burden on summary judgment, *see e.g. Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011), especially where, as here, qualified immunity has been raised and the burden has shifted to the Plaintiff. *See Bruning,* 949 F.2d at 356-57; *Roska ex rel. Roska v. Sneddon*, 437 F.3d 967, 971 (10th Cir. 2006). The plaintiff bears the burden of directing the Court to authority that clearly establishes the right that was violated. *See Washington v. Unified Gov't of Wyandotte Cty.*, 847 F.3d 1192, 1201 n. 3 (10th Cir. 2017). "The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." *Hannula v. City of Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990). "If the plaintiff is unable to demonstrate that the law allegedly violated was clearly established, the plaintiff is not allowed to proceed with the suit." *Hilliard v. City & Cty. of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991). (internal quotation marks and citation omitted).

Plaintiff did not respond to Defendant's motion for summary judgment based on qualified immunity. Plaintiff did not explain why Defendant's Executive Order 2020-022 issuance is a violation of a constitutional right at all. As explained above, a violation of a constitutional right is a pre-requisite for the "clearly established" prong. Because Plaintiff did not direct the Court to any legal authority, I conclude that Plaintiff failed to carry the "clearly established" part of his two-part burden. Therefore, I recommend granting Defendant's summary judgment on this basis, and I do not reach the additional arguments advanced by the Defendant.

Plaintiff should note that doctrine of qualified immunity clearly protects government officials sued in their individual capacity from civil damage liabilities. *See Richardson v. Mcknight*, 521 U.S. 399, 407-08 (1997); *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945,

965 (9th Cir. 2010). Furthermore, State officials sued in their official capacity for damages are not "persons" for purposes of § 1983. *See Hafer v. Melo*, 520 U.S. 21, 27 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). However, the Court is not persuaded that qualified immunity extends beyond monetary damages, and Defendant provides no legal basis for such an extension. *See Hydrick v. Hunter*, 669 F.3d 937, 940-41 (9th Cir. 2012) (Qualified immunity is only an immunity from suit for damages but not an immunity from suit for declaratory or injunctive relief.). Therefore, while I recommend that the Court grant qualified immunity as to all of Plaintiff's claims for monetary damages, I do not recommend dismissal of all his claims against Defendant Grisham.

### D.  Attorney's Fees

Defendant Grisham requests attorney's fees and costs but provides no basis for such an award. New Mexico Local Rule 54.5(a) governing motions for attorney's fees (other than those under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)) requires a separate motion complying with D.N.M.LR-Civ. 7 that must be filed "within thirty (30) days after entry of judgment." D.N.M.LR-Civ. 54.5(a).  Therefore, I recommend that the Court note the request but take no action on attorney's fees unless and until the required separate motion is filed and briefed.

### III.  RECOMMENDATION

For the foregoing reasons, I recommend granting Defendant's motion for summary judgment based on qualified immunity and dismissing all of Plaintiff's claim for monetary damages against Defendant Grisham with prejudice.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**