IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LELAND T. TAYLOR,

    Plaintiff,

v.   CV 20-0267 JB/JHR

MICHELLE LUJAN GRISHAM, et al.,

    Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sua sponte* to consider Plaintiff Leland T. Taylor's failure to respond to the Court's order to show cause filed October 27, 2021 which required Plaintiff to show cause why this case should not be dismissed. [Doc. 67]. Pursuant to 28 U.S.C. §636(b), presiding District Judge James O. Browning referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 16].

Plaintiff commenced this action by filing a *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* on March 24, 2020 alleging various harms arising from New Mexico Governor Michelle Lujan Grisham's actions in response to the COVID pandemic. [Doc. 1]. The most recent substantive action in the case was the issuance of two memorandum opinions and orders by presiding District Judge James O. Browning on February 9, 2021, each resolving a motion for summary judgment filed by the Governor: all claims for monetary damages were dismissed on the basis of qualified immunity, [*see* Doc. 60], but all non-monetary claims survived, [*see* Doc. 61]. Plaintiff's only subsequent action on the docket was a two-page filing on March 17, 2021, criticizing the dismissal of monetary claims. [Doc. 64].

No party filings appear in the docket after March 17, 2021. On October 6, 2021, prompted by anecdotal information that Plaintiff may be deceased, Magistrate Judge Jerry H. Ritter scheduled a status conference for October 26, 2021. [Doc. 65]. All parties were given notice and an opportunity to attend by telephone but only counsel for the Governor and counsel for the United States appeared. [*See Clerk's Minutes*, Doc. 66]. Counsel for the Governor stated at the status conference that he had no specific information regarding Plaintiff's status. [*Id.*].

The following day, Judge Ritter issued an *Order to Show Cause* to Plaintiff noting the lack of activity since March 17, 2021 and advising Plaintiff that the case could be dismissed unless Plaintiff filed a response by November 22, 2021. [Doc. 67]. Plaintiff has failed to respond or take any other action in the case.

The Court has the inherent power to regulate its docket and manage its cases to promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). Among the management tools within the discretion of the Court is to dismiss an action for want of prosecution. *See, e.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43 (1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). This Court's local rules authorize dismissal of actions "if, for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M.LR-Civ. 41.1.

No party has taken steps to move this case forward since Judge Browning's decisions on dispositive motions issued on February 9, 2021. In addition, Plaintiff has not responded to the Court's order to show cause warning him that failure to respond could result in dismissal without further notice. [Doc. 67, p. 1]. For those reasons, it appearing that Plaintiff is either unwilling or unable to prosecute his surviving claims, I **recommend** this case be dismissed.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**